# Exhibit C

**AGENDA
PASCO CITY COUNCIL**

Regular Meeting        6:30 p.m.        October 3, 2016

Page

The meeting will begin at 6:30 p.m., with an Executive Session.
The Regular meeting agenda will begin at 7:00 p.m.

1. **CALL TO ORDER:**

2. **ROLL CALL:**

    (a) **Pledge of Allegiance**

3. **EXECUTIVE SESSION:**

    (a) **Council to meet in Executive Session to discuss litigation or potential litigation with legal counsel.**

4. **CONSENT AGENDA:** All items listed under the Consent Agenda are considered to be routine by the City Council and will be enacted by roll call vote as one motion (in the form listed below). There will be no separate discussion of these items. If further discussion is desired by Council members or the public, the item may be removed from the Consent Agenda to the Regular Agenda and considered separately.

5 - 8      (a) **Approval of Minutes**

To approve the Minutes of the Pasco City Council Meeting dated September 19, 2016.

9 - 10      (b) **Bills and Communications**

To approve claims in the total amount of $1,857,426.00 ($1,138,909.52 in Check Nos. 211998-212257; $718,516.48 in Electronic Transfer Nos. 812078, 812107-812242, 812246-812292, 812295-812296, 812299-812564); $47,929.65 in Check Nos. 49817-49877; $625,947.85 in Electronic Transfer Nos. 30098789-30099293; $2,000.00 in Electronic Transfer No. 294.

11 - 14      (c) **Professional Services Agreement for Preliminary Level Design of Chapel Hill Boulevard and Road 76 Extensions**

To approve the Professional Services Agreement for the Preliminary Level Design of Chapel Hill Boulevard and Road 76 Extensions with TranTech Engineering, LLC and, further, authorize the City Manager to execute the

Agreement.

15 - 20    (d)    **Lodging Tax Advisory Committee Recommendations**

To approve the allocation of 2017 Lodging Tax receipts as recommended by the Lodging Tax Advisory Committee as shown in the minutes of September 19, 2016.

21 - 23    (e)    **Downtown Pasco Development Authority Appointment**

To appoint Sean Gehlen to position No. 1 on the Downtown Pasco Development Authority Board and, further, authorize revision of the term expiration date to 12/20/19.

24 - 27    (f)    **Final Acceptance: Park Street Revitalization**

To approve Resolution No. 3732, accepting work performed by Big D's Construction of Tri-Cities, Inc., under contract for the Phase 1 of the Park Street Revitalization project.

**(RC) MOTION:** I move to approve the Consent Agenda as read.

5.    PROCLAMATIONS AND ACKNOWLEDGEMENTS:

28 - 33    (a)    **Yard and Business of the Month Awards**

Mayor Watkins to present Certificates of Appreciation for September 2016 "Yard of the Month" and "Business Appearance of the Month" to:
  Juan & Mirna Luna, 3302 Estrella Drive
  Penny Schultz, 4321 W. Irving Street
  Greg & Rose LeBrun, 512 Road 47
  Brook & Heidi Newell, 8521 Roberts Drive
  U Pull It Auto Parts, 802 S. Oregon Avenue

6.    **VISITORS - OTHER THAN AGENDA ITEMS:** This item is provided to allow citizens the opportunity to bring items to the attention of the City Council or to express an opinion on an issue. Its purpose is not to provide a venue for debate or for the posing of questions with the expectation of an immediate response. Some questions require consideration by Council over time and after a deliberative process with input from a number of different sources; some questions are best directed to staff members who have access to specific information. Citizen comments will normally be limited to three minutes each by the Mayor. Those with lengthy messages are invited to summarize their comments and/or submit written information for consideration by the Council outside of formal meetings.

7.    **REPORTS FROM COMMITTEES AND/OR OFFICERS:**

| Regular Meeting | October 3, 2016 |
|---|---|

      (a)    **Verbal Reports from Councilmembers**

8.    **HEARINGS AND COUNCIL ACTION ON ORDINANCES AND RESOLUTIONS RELATING THERETO:**

34 - 48    (a)    **City Council District Boundaries Public Hearing**

           **CONDUCT A PUBLIC HEARING**

           Provide direction to staff

9.    **ORDINANCES AND RESOLUTIONS NOT RELATING TO HEARINGS:**

10.    **UNFINISHED BUSINESS:**

11.    **NEW BUSINESS:**

49 - 53    (a)    **Bid Award: Midland Lane Extension (South of Sandifur Parkway)**

           **(RC) MOTION:** I move to award the Midland Lane Extension (South of Sandifur Parkway) project to Premier Excavation Inc. in the amount of $412,297.58 and, further, authorize the City Manager to execute the contract documents.

12.    **MISCELLANEOUS DISCUSSION:**

13.    **EXECUTIVE SESSION:**

14.    **ADJOURNMENT.**

(RC)    Roll Call Vote Required
\*    Item not previously discussed
Q    Quasi-Judicial Matter
MF#    "Master File #...."

**REMINDERS:**

    1:30 p.m., Monday, October 3, TRIOS – Emergency Medical Services Board Meeting. (COUNCILMEMBER TOM LARSEN, Rep.; AL YENNEY, Alt.)
    12:00 p.m., Wednesday, October 5, 2601 N. Capitol Avenue – Franklin County Mosquito Control District Meeting. (COUNCILMEMBER BOB HOFFMANN, Rep.; AL YENNEY, Alt.)

**Regular Meeting**  October 3, 2016

4:30 p.m., Thursday, October 6, 5908 Bedford Street, Suite B – Wright Surgical Arts, Ribbon Cutting Ceremony (MAYOR MATT WATKINS)

This meeting is broadcast live on PSC-TV Channel 191 on Charter Cable and streamed at www.pasco-wa.gov/psctvlive.

Audio equipment available for the hearing impaired; contact the Clerk for assistance.

# AGENDA REPORT

| | | |
|---|---|---|
| FOR: | City Council | September 29, 2016 |
| TO: | Dave Zabell, City Manager | Regular Meeting: 10/3/16 |
| FROM: | Stan Strebel, Deputy City Manager<br>Executive | |
| SUBJECT: | City Council District Boundaries Public Hearing | |

### I. REFERENCE(S):

City Council Districts - Map, Current Districts
Memo from Dr. Peter Morrison, Demographer, dated 9-27-16 with Maps and Analysis for Three Alternative Plans
Draft Ordinance, Amending Chapter 1.10 Pasco Municipal Code

### II. ACTION REQUESTED OF COUNCIL / STAFF RECOMMENDATIONS:

**CONDUCT A PUBLIC HEARING**

Provide direction to staff

### III. FISCAL IMPACT:

### IV. HISTORY AND FACTS BRIEF:

Since early this year, following receipt of notice by the ACLU alleging violation of the Federal Voting Rights Act (VRA) due to the City's state mandated "at-large" system for electing district Councilmembers, Council has had considerable discussion on possible remedies in response to ACLU's claims.

With the filing of a formal suit by ACLU and the City's and ACLU's joint preparation and filing of a partial consent decree with the Federal Court of Eastern Washington, the issue of the need to remedy systems which conflict with the VRA has been resolved. Judge Suko's approval of the consent decree effectively provides the Court with jurisdiction to approve a voting system for Pasco (i.e., district-based voting) though contrary to state law.

Council's vote, on September 19, to approve a Six-District/One At-Large Seat (6-1) Plan requires minor amendments to the Pasco Municipal Code regarding the

election/district system, as well as re-defining of district boundaries. The attached, draft ordinance identifies the changes needed to PMC Chapter 1.10, with the exception of boundary specific descriptions, which can be completed once Council makes a final boundary decision.

The City's demographer has developed three alternative district boundary plans for Council's consideration. The number of options is somewhat limited by the goal of creating three Hispanic Citizen Voter Age Population (HCVAP) majority districts to assure Latinos with representation opportunity on the Council commensurate with their population in the community.

The Council noted during the public hearing on September 19, that the 6-1 Plan allows for the possibility of greater continuity of the existing election cycle and less disruption in implementation. While it is recommended that Council adopt a boundary alternative for submission to the Court by October 15, it is also recommended that the implementation details of the system be left open pending direction from the Court.

Our legal and consulting team is unified in recommending that district boundaries be based on US Decennial Census numbers, the most recent information, of course, being from the 2010 count. This is also the position being taken by the ACLU. While it may seem counter-intuitive to use census data when 2016 estimates and the broadly used "housing unit" counting method is available, the Court is more likely to reject the City's plan unless based on direct counts (though older) as opposed to estimates (though more recent, but with the potential to undercount minority groups due to averaging). Per case law, nearly all VRA cases are determined with census data as the population basis.

## V.    DISCUSSION:

It is proposed that Council consider public comment at the hearing and be prepared to take action on adoption of the preferred boundary plan at the October 10 meeting. A special meeting notice for October 10 has been prepared as the meeting on the 2nd Monday is typically a workshop meeting and not a regular business meeting.

Staff welcomes Council direction, if possible, in the preparation of final alternatives to be considered for the meeting of October 10.



**City of Pasco Council Districts**
*July 1, 2015*

## ALTERNATIVE REDISTRICTING PLANS M7, M8, AND M9

Peter A. Morrison
September 27, 2016

This memo presents three alternative variants of a "6-1" redistricting plan for consideration by the Pasco City Council. In each "6-1" plan, six of City's council members would be elected by the voters in each of the City's six single-member districts; a seventh council member would be elected at-large. Each of these plans includes all the territory within Pasco's city limits as of mid-2016, and each plan is balanced on the total population of that 2016 territory as enumerated on the latest official decennial census of 2010.

Each plan features three majority-Latino districts—that is, districts in which Latinos constitute the majority of all eligible voters (the citizen voting-age population). Each plan features one council seat that would elected at-large by all the City's eligible voters, among whom Latinos constitute 38.5% of the citizen voting-age population as of 2015. I estimate that this citywide Latino share of eligible voters will reach 43% by 2021, when the City may next consider adjusting its election district boundaries based on the 2020 decennial census.

Here is an overview of each plan, followed by detailed tables and maps:

**Plan M7** For the City of Pasco as of 2016, District 1 has a population of 3,218 eligible voters, of whom 53.8% are Latino. District 2 has a population of 3,488 eligible voters, of whom 52.3% are Latino. District 6 has a population of 3,998 eligible voters, of whom 56.0% are Latino. The at-large seat would be elected by a citywide population of eligible voters that is 38.5% Latino as of 2015. This plan has a total population balance of 1.31% (Total Deviation from Ideal).

**Plan M8** For the City of Pasco as of 2016, District 1 has a population of 3,148 eligible voters, of whom 54.0% are Latino. District 2 has a population of 3,488 eligible voters, of whom 52.3% are Latino. District 6 has a population of 3,998 eligible voters, of whom 56.0% are Latino. The at-large seat would be elected by a citywide population of eligible voters that is 38.5% Latino as of 2015. This plan has a total population balance of 1.59% (Total Deviation from Ideal).

**Plan M9** For the City of Pasco as of 2016, District 1 has a population of 3,148 eligible voters, of whom 54.0% are Latino. District 2 has a population of 3,530 eligible voters, of whom 51.8% are Latino. District 6 has a population of 3,998 eligible voters, of whom 56.0% are Latino. The at-large seat would be elected by a citywide population of eligible voters that is 38.5% Latino as of 2015. This plan has a total population balance of 1.98% (Total Deviation from Ideal).

## 2016 Draft Analysis Mission 7

| District | Total CVAP | HISP CVAP | PL 94171 POP | % Hispanic CVAP |
|---|---|---|---|---|
| 1 | 3,218 | 1,730 | 10,222 | **53.8%** |
| 2 | 3,488 | 1,825 | 10,009 | **52.3%** |
| 3 | 7,828 | 2,136 | 10,532 | 27.3% |
| 4 | 6,535 | 1,542 | 10,062 | 23.6% |
| 5 | 7,675 | 977 | 10,829 | 12.7% |
| 6 | 3,998 | 2,239 | 10,798 | **56.0%** |
| **Grand Total** | **32,742** | **10,450** | **62,452** | |

| District | Total CVAP | HISP CVAP | PL 94171 POP | PLRange | |
|---|---|---|---|---|---|
| 1 | 10% | 17% | 16.4% | Min | |
| 2 | 11% | 17% | 16.0% | 16.0% | |
| 3 | 24% | 20% | 16.9% | Max | |
| 4 | 20% | 15% | 16.1% | 17.3% | |
| 5 | 23% | 9% | 17.3% | Diff | |
| 6 | 12% | 21% | 17.3% | 1.3% | |
| **Grand Total** | **100%** | **100%** | **100.0%** | | |



## 2016 Draft Analysis Mission 8

| District | Total CVAP | HISP CVAP | PL 94171 POP | % Hispanic CVAP |
|---|---|---|---|---|
| 1 | 3,148 | 1,701 | 10,048 | **54.0%** |
| 2 | 3,488 | 1,825 | 10,009 | **52.3%** |
| 3 | 7,828 | 2,136 | 10,532 | 27.3% |
| 4 | 6,535 | 1,542 | 10,062 | 23.6% |
| 5 | 7,744 | 1,007 | 11,003 | 13.0% |
| 6 | 3,998 | 2,239 | 10,798 | **56.0%** |
| **Grand Total** | **32,742** | **10,450** | **62,452** | |

| District | Total CVAP | HISP CVAP | PL 94171 POP | PLRange | |
|---|---|---|---|---|---|
| 1 | 10% | 16% | 16.1% | Min | |
| 2 | 11% | 17% | 16.0% | 16.0% | |
| 3 | 24% | 20% | 16.9% | Max | |
| 4 | 20% | 15% | 16.1% | 17.6% | |
| 5 | 24% | 10% | 17.6% | Diff | |
| 6 | 12% | 21% | 17.3% | 1.6% | |
| **Grand Total** | **100%** | **100%** | **100.0%** | | |



## 2016 Draft Analysis Mission 9

| District | Total CVAP | HISP CVAP | PL 94171 POP | % Hispanic CVAP |
|---|---|---|---|---|
| 1 | 3,148 | 1,701 | 10,048 | **54.0%** |
| 2 | 3,530 | 1,828 | 10,197 | **51.8%** |
| 3 | 8,463 | 2,229 | 11,069 | 26.3% |
| 4 | 6,233 | 1,506 | 9,835 | 24.2% |
| 5 | 7,370 | 948 | 10,505 | 12.9% |
| 6 | 3,998 | 2,239 | 10,798 | **56.0%** |
| **Grand Total** | **32,742** | **10,450** | **62,452** | |

| District | Total CVAP | HISP CVAP | PL 94171 POP | PLRange | |
|---|---|---|---|---|---|
| 1 | 10% | 16% | 16.1% | Min | |
| 2 | 11% | 17% | 16.3% | 15.7% | |
| 3 | 26% | 21% | 17.7% | Max | |
| 4 | 19% | 14% | 15.7% | 17.7% | |
| 5 | 23% | 9% | 16.8% | Diff | |
| 6 | 12% | 21% | 17.3% | 2.0% | |
| **Grand Total** | **100%** | **100%** | **100.0%** | | |



ORDINANCE NO._____

AN ORDINANCE of the City of Pasco, Washington amending Chapter 1.10 of the Pasco Municipal Code regarding "Voting Districts."

WHEREAS, the Pasco City Council is currently made up of five district seats and two "at-large" seats, all seats which, pursuant to Washington State law, are voted on city-wide in general elections; and

WHEREAS, state law also requires that each voting district shall be as nearly equal in population as possible to each and every other voting district within the city; and further by ordinance, the City Council is required to re-establish district boundaries whenever the population of any district exceeds by ten percent or more the population of any other district; provided that no change to the boundaries of any district shall be made within ninety days prior to the date of a general municipal election, nor within twelve months after districts have been established or altered; and

WHEREAS, the City has experienced an increase in and redistribution of population since the voting districts were last established, having occurred more than twelve months prior; and along with the overall growth, community demographics have continued to change such that, according to U.S. Census data, 20 percent of the population in 1980 was of Latino heritage, and today, that number is 56 percent. Demographic changes in the city's voting age population have followed, with approximately one-third of the voting age population identifying as Latino; and

WHEREAS, noting the above trend, the City Council took particular care during the 2014-2015 redistricting process to assure that districts in areas more densely populated with Latino voting age citizens were structured in such a way as to maximize the impact of the Latino vote; and

WHEREAS, through this process, the City Council recognized the impact of state law which prevents Pasco and cities like it from providing for a district-only based election system for voting in both primary and general elections, thus limiting the impact of the Latino vote; and

WHEREAS, in May 2015, the City Council enacted Resolution No. 3635 declaring its intent to pursue a change in state law to allow District based-voting, declaring its continuing intent to provide equal voting opportunities for all of its citizens, and to provide equitable and proportional representation; and

WHEREAS, the City actively pursued a change in state law through the legislative process during the 2015 and 2016 legislative sessions; however, the State Legislature has yet to pass a bill that would offer relief; and

WHEREAS, Washington State Senator Pam Roach, at the behest of the City, requested an Opinion from the Washington State Attorney General regarding the City's authority, in light of RCW 35A.12.180 to change its election system to District-based voting for City Council, resulting in an Opinion on January 28, 2016 which noted that:

"Thus, RCW 35A.12.180 specifically denies to code cities the authority to restrict voting by ward (districts) at the general election. Therefore, a local ordinance that provided for general elections by ward would conflict with RCW 35A.12.180 and be preempted by state law. . . In sum, Code cities in Washington that believe they may be in violation of the VRA face difficult decisions and potential legal risk regardless of what course they choose"; and

**WHEREAS**, The American Civil Liberties Union (ACLU) of Washington, in March 2016, notified the City that it believes the City's current election system, as it fails to provide for district-based elections, violates the federal Voting Rights Act (VRA) and that the ACLU would seek remedies, including court action, to make the City compliant with the VRA; and further, the City has been in active negotiations with the ACLU to evaluate the concerns raised, to ensure that whatever course the City Council elects to pursue will withstand any challenges for violating state or federal law, and to avoid litigation, if possible; and

**WHEREAS**, Pasco City officials have been consulting with the ACLU to determine the data and the law that must be considered in addressing the alleged violations of the VRA and given the fact that state law precludes district-based voting in cities like Pasco, and Pasco's efforts to change state law to allow for greater flexibility have been fruitless, both the City and ACLU agreed that it was necessary to embrace limited litigation in Federal Court as the only available means to bring the force of federal law to remedy the problem that exists as a result of state law; and

**WHEREAS**, the City and ACLU jointly entered a proposed a "Partial Consent Decree" which identified the likely violation of the VRA and sought to establish jurisdiction of the Federal Court to order an appropriate remedy to address the violation; and the City Council approved this action on August 15, 2016; and

**WHEREAS**, on September 2, 2016 Judge Lonny Suko of the United States District Court for the Eastern District of Washington granted the Partial Consent Decree thereby ordering that the City must, in order to remedy a violation of Section 2 of the Feral Voting Rights Act, implement a new election system. That RCW 35A.12.180 is abrogated under the Federal supremacy clause and enjoining the City, "from administrating, implementing, or conducting future elections for the Pasco City Council under the current at-large election method or any other election method that violates Section 2 of the Voting Rights Act"; and

**WHEREAS,** the City Council held, after due notice, a public hearing on September 6 to take comments and evaluate the options for district-based voting, which included the current five- district/two at-large, six-district/one at large, and seven-district/no at-large alternatives; and

**WHEREAS**, the Council determined that the six-district/one at-large alternative was preferred due to its providing three Latino citizen voter-age majority districts, the same number as possible under the ACLU's preferred seven district plan; and further, due to the plan providing greater opportunities for voters to influence the number of elections for members of the City Council and for voters to have the opportunity to run for seats on the City Council; and

**WHEREAS**, further, the Council determined that the six-district/one at-large alternative provides for the possibility of greater continuity of government and ease in implementation and therefore, the plan was adopted by the City Council on September 19, 2016; and

WHEREAS, on October 3, 2016, the City Council held, after due notice, a public hearing on the six-district plan boundary alternatives, to receive and consider public comment on the alternative boundary plans; and

WHEREAS, the Council, after due and deliberate consideration, has determined the preferred boundary plan, pursuant to RCW 29A 76.010, for amending said voting districts, **NOW, THEREFORE,**

**THE CITY COUNCIL OF THE CITY OF PASCO, WASHINGTON, DOES ORDAIN AS FOLLOWS:**

Section 1. That Chapter 1.10 entitled "Voting Districts" of the Pasco Municipal Code, shall be and hereby is amended to read as follows:

**CHAPTER 1.10 VOTING DISTRICTS**

Sections:

1.10.010 NUMBER OF DIVISIONS - EQUAL POPULATION IN EACH
1.10.020 DISTRICT ONE
1.10.030 DISTRICT TWO
1.10.040 DISTRICT THREE
1.10.050 DISTRICT FOUR
1.10.060 DISTRICT FIVE
1.10.070 DISTRICT SIX
1.10.0~~7~~80 ELECTION OF COUNCILMEMBERS AND COUNCILMEMBERS-AT-LARGE.
1.10.0~~8~~90 COUNCILMEMBERS - RESIDENTIAL REQUIREMENT AND/OR REMOVAL
1.10.~~09~~100 RE-ESTABLISHMENT OF DISTRICT BOUNDARIES
1.10.1~~0~~10 ANNEXATION
1.10.1~~1~~20 RECALL PETITIONS
1.10.1~~2~~30 FILLING VACANCIES

1.10.010 NUMBER OF DIVISIONS - EQUAL POPULATION IN EACH. The City is divided into ~~five~~ six voting districts. Each district shall be as nearly equal in population as possible; compact as possible; consist of geographically contiguous area; be configured as to not favor or disfavor any racial group or political party; and to the extent feasible, coincide with the existing recognized natural boundaries so as to preserve existing communities of related and mutual interest.

1.10.020 DISTRICT ONE. Voting district one shall encompass the area within the City of Pasco comprised of precinct numbers (TBD) one, two, three, four and thirteen (1, 2, 3, 4, and 13) as those precincts are described on the maps and property descriptions on file with the Auditor of Franklin County.

1.10.030 DISTRICT TWO. Voting district two shall encompass the area within the City of Pasco comprised of precinct numbers (TBD) five, six, seven, nine, ten, twelve, sixteen*, less that portion which is located north of Court Street and west of 24th Avenue, seventeen, and eighteen,

(5, 6, 7, 9, 10, 12, 16*, 17 and 18,) as those precincts are described on the maps and property descriptions on file with the Auditor of Franklin County.

1.10.040 DISTRICT THREE. Voting district three shall encompass the area within the City of Pasco comprised of precinct numbers (TBD) eight, eleven, fourteen, fifteen, sixteen* (that portion which is located north of Court Street and west of 24th Avenue) twenty-two, twenty-three, twenty-four, thirty-two, thirty-three, thirty-four, thirty-five thirty-eight, forty-two and forty-four (8, 11, 14, 15, 16*, 22, 23, 24, 32, 33, 34, 35, 38, 42 and 44) as those precincts are described on the maps and property descriptions on file with the Auditor of Franklin County.

1.10.050 DISTRICT FOUR. Voting district four shall encompass the area within the City of Pasco comprised of precinct numbers (TBD) thirty-seven, thirty-nine, forty, forty-three, forty-five, forty-six, forty-seven, fifty, fifty-one fifty-five, and that portion of sixty-four* which is located within the City (north of Argent Road), (37, 39, 40, 43, 45, 46, 47, 50, 51, 55, and 64*) as those precincts are described on the maps and property descriptions on file with the Auditor of Franklin County.

1.10.060 DISTRICT FIVE. Voting district five shall encompass the area within the City of Pasco comprised of precinct numbers (TBD) nineteen, twenty, twenty-one, twenty-five, twenty-six, twenty-seven, twenty-eight, twenty-nine, thirty, thirty-one, thirty-six, forty-one, forty-eight, forty-nine, fifty-two, fifty-three, fifty-four, fifty-six, fifty-seven, fifty-eight, fifty-nine, sixty, sixty-two and sixty-three (19, 20, 21, 25, 26, 27, 28, 29, 30, 31, 36, 41, 48, 49, 52, 53, 54, 56, 57, 58, 59, 60, 62 and 63) as those precincts are described on the maps and property descriptions on file with the Auditor of Franklin County.

1.10.070 DISTRICT SIX. Voting district six shall encompass the area within the City of Pasco comprised of precinct numbers (TBD)

1.10.070 080 ELECTION OF COUNCILMEMBERS AND COUNCILMEMBERS-AT-LARGE. The qualified electors of each voting district, and they only, shall nominate from among their number candidates for the office of councilmember of such voting district to be voted for at the following general election. Such candidates shall be nominated in the same manner as other candidates at the primary election held on the date specified in RCW 29A.04.311. In addition, one two councilmembers, designated councilmembers-at-large, shall be nominated from among all districts within the City. Each council position shall be numbered one through six five corresponding to the district number with the at-large candidates being designated as position six and seven. The two candidates having the highest vote totals for each council position shall be certified as having been nominated and shall run for that position in the general election. District Ccouncilmembers shall be elected by all of the qualified voters of the District and the councilmember at-large shall be elected by all of the qualified voters of the City and the person receiving the highest number of votes for the office of councilmember for the position for which he or she is a candidate shall be declared duly elected.

1.10.080 090 COUNCILMEMBERS - RESIDENTIAL REQUIREMENT AND/OR REMOVAL. Councilmembers elected from districts shall be residents of the district from which they are elected. Removal of a councilmember from the district from which he or she was elected shall create a vacancy in that office; provided, that no change in the boundaries of districts shall

affect the term of any councilmember, but he or she shall serve out his or her term in the district of their residence at the time of their election.

1.10.~~090~~ 100 RE-ESTABLISHMENT OF DISTRICT BOUNDARIES. In addition to decennial census adjustments required by RCW 29A.76.010, the Council shall reestablish district boundaries whenever the population in any district exceeds by ten percent or more the population in any other district; provided, that no change in the boundaries of any district shall be made within ninety days next before the date of a general municipal election, nor within twelve months after the districts have been established or altered.

1.10.~~100~~ 110 ANNEXATION. When additional territory is added to the City, it may, by act of the City Council, be annexed to contiguous districts or attached to any other district as the Council may determine without affecting the right to re-district at the expiration of twelve months after the last previous division.

1.10.~~110~~ 120 RECALL PETITIONS. Any registered voter shall be eligible to sign a petition for the recall of any councilman.

1.10.~~120~~ 130 FILLING VACANCIES. If a vacancy in the Council occurs or if a district office is not filled by the election process, the remaining members of the City Council shall appoint a person to fill such office until the next regular general municipal election, at which time a person shall be elected to serve for the remainder of the unexpired term. Persons appointed to fill district offices shall be the residents of that district.

    **Section 2.** This ordinance shall take full force and effect five days after its approval, passage and publication as required by law.

    **PASSED** by the City Council of the City of Pasco, Washington, and approved as provided by law this 10th day of October, 2016.

_____
Matt Watkins, Mayor

ATTEST:                                              APPROVED AS TO FORM:

_____                      _____
Debra L. Clark, City Clerk                           Leland B. Kerr, City Attorney