DECLARATION

RICHARD L. ENGSTROM, Ph.D.

November 1, 2016

RICHARD L. ENGSTROM, acting in accordance with 28 U.S.C. § 1746, Fed. R. Civ. P. 26(a)(2)(B), and Fed. R. Evid. 702 and 703, does hereby declare and say:

1. My name is Richard L. Engstrom. I have previously provided a Declaration in this matter dated October 14 of this year. My curriculum vitae was attached to that Declaration.

2. Currently, in five of the seven positions on the Pasco City Council all candidates for the position must reside within a district that is geographically smaller than the city. A primary election is held within that district, in which only voters residing in the district may cast ballots. The two candidates who receive the most votes in that election then compete in a subsequent general election, in which all voters in the city may vote. The candidate with the most votes in the general election is elected to that position on the council. Candidates residing anywhere in the city may compete for either of the other two positions on the council. All voters in the city may vote in the primary and general election for these positions. The decisive election for each council seat therefore is an at-large election.

3.  In the *City's Motion for Entry of Proposed Remedial Plan and Final Injunction*, filed on October 10, the Defendants repeatedly reference the 2015 election for Position 1 on the council, for which the residency requirement is in place for the candidates, and for the voters in the primary. Defendants maintain that the incumbent councilman in Position 1 in 2015, Al Yenney (a non-Latino), received the most votes in the residency district for Position 1 in the primary, and the most votes in that same area in the general election. They also maintain that Latinos constituted 60.6% of the citizens voting age population (CVAP) in that district.[1] Mr. Yenney is then described as the "candidate of choice in a district where Latinos represent three out of every five eligible voters" (at 12).

4.  This juxtaposition of the vote for Yenney and the CVAP percentage does not justify an inference that Mr. Yenney was the candidate of choice of *Latino voters* in the residency district. The Defendants offer no analysis of group turnout and candidate preferences in this election. However, I conducted such an analysis in my previous Declaration (at paragraphs 18-20 and Table 1).[2] It shows that Yenney was not the candidate of choice of the Latino voters. The estimate of the percentage of Latino voters casting a vote for Mr. Yenney in that analysis is 14.0 percent.

---

[1] See also pages 3, 13, 16, 25, and 26.
[2] The data and methods employed in this analysis are reported at paragraphs 11-15.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.  Executed on November 1, 2016 in Durham, NC.

_____
Richard L. Engstrom

# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, I caused the foregoing document to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Emily Chiang | echiang@aclu-wa.org |
| Brendan V. Monahan | Brendan.Monahan@stokeslaw.com |
| Jaime Cuevas, Jr. | Jaime.Cuevas@stokeslaw.com |
| Cristin Kent Aragon | caragon@yarmuth.com |
| Gregory Landis | glandis@yarmuth.com |
| Leland Barrett Kerr | lkerr@kerrlawgroup.net |
| John A. Safarli | jsafarli@floyd-ringer.com |

/s/La Rond Baker
La Rond Baker, WSBA No. 43610
lbaker@aclu-wa.org
AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Telephone: (206) 624-2184

CERTIFICATE OF SERVICE - 1